Anthony O. Egbase (SBN: 181721)
Kevin Tang (SBN: 291051)
Crystle J. Lindsey (SBN: 281944)
**A.O.E LAW & ASSOCIATES, A Professional Law Corporation**
350 South Figueroa Street, Suite 189
Los Angeles, California 90071
Tel: (213) 620-7070; Fax: (213)-620-1200
Email:  info@aoelaw.com

Attorneys for Debtor and Debtor-in-possession
*Tania Elissia Batache*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| *In re:* | Case No. 2:16-BK-21078-VZ |
| **TANIA ELISSIA BATACHE** | Chapter 11 |
| Debtor-in-possession. | **NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING POST-PETITION FINANCING UNDER 11 U.S.C. § 364** |
| | **DECLARATION OF TANIA BATACHE IN SUPPORT THEREOF** |
| | Hearing<br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 1368<br>Roybal Federal Building<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

TO THE HONORABLE VINCENT ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, OFFICE OF THE UNITED STATES TRUSTEE, SECURED CREDITORS, TWENTY LARGESTED UNSECURED CREDITORS AND ALL PARTIES IN INTEREST:

**PLEASE TAKE NOTICE** that at the time and place set by the Court, Tania Elissia Batache, Debtor and Debtor-in-possession ("Debtor"), in the above captioned case, hereby moves for the entry of an order under 11 U.S.C. § 364(c) authorizing the Debtor, after notice and hearing, to incur a debt secured by a junior lien on Debtor's real property located at 41 Clubhouse Ave., Venice, CA 90291 ("Venice Property").  This Motion is based on the attached memorandum of points and authorities, the declaration of Tania Elissia Batache attached hereto, the pleadings and records on file in this Chapter 11 bankruptcy case, and such other evidence as may be presented at the hearing.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(1) any party in interest opposing the Motion must file with the Bankruptcy Court and serve upon Debtor's attorney a written objection to such Motion at least 14 calendar days before the hearing.

**PLEASE TAKE FUTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(h) the failure to timely file and serve an objection may be deemed by the court to be consent to the Motion.

**WHEREFORE**, the Debtor respectfully requests this Court enter an order:

1.      Authorizing the Debtor to obtain post-petition financing with a secured debt;

2.      Granting such other and further relief as the Court deems just and proper.

Dated:  October 14, 2016                    A.O.E. Law & Associates

*/s/ Crystle J. Lindsey*
Crystle J. Lindsey (SBN 281944)
Counsel for Debtor-in-possession

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

The Debtor hereby moves this Court for an order authorizing post-petition financing, with the Debtor incurring a debt to be secured by a junior lien on Debtor's real property located at 41 Clubhouse Ave., Venice, CA ("Venice Property").  The Motion, and the declarations of Tania Ellisia Batache, demonstrates that cause exists for this post-petition financing.

## II.     FACTUAL BACKGROUND

On August 19, 2016 (the "Petition Date"), Debtor commenced this bankruptcy case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*.  Debtor is managing her financial affairs as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

**A.     Assets and Liabilities**

Debtor owns two real properties located at (1) 520 Manhattan Beach Blvd., Manhattan Beach, CA 90266 ("Manhattan Beach Property"); and (2) 41 Clubhouse Dr., Venice Beach, CA 90291("Venice Property").   The Manhattan Beach Property is a duplex and has a fair market value of approximately $3,100,000.00.  The Venice Property has a fair market value of approximately $3,500,000.00.

Debtor's Venice Property requires completion of repairs and renovations including completion of the garage for parking compliance for lease, completion of the ground floor, completion of the associated floors and finishing of the exterior.  Debtor believes after completion of the repairs the property will have a fair market value of approximately $4,200,000.00 and upwards of $4,500,000.00.  At a current fair market

value of $3,500,000.00, the repairs to the Venice Property will add at least $500,000.00 to $800,000.00 of net value to the property in a short period of time.

**B.    Debtor's Need for Financing**

Debtor requires post-petition financing in order to make repairs and renovations to Debtor's Venice Property.  Debtor also needs financing in order to pay the property insurance premiums and her United States Trustee quarterly fees until she is able to rent out her Manhattan Beach Property.  Debtor has approached multiple sources for financing.  However, up until recently, Debtor was unable to secure the funds required to finish repairs and renovations of the Venice Property.

**1.    Financing to Complete Repairs to Venice Property**

Specifically, Debtor requires post-petition financing to complete the garage, ground floor, associated top floors and the exterior of the Venice Property.  Debtor estimates repairs to cost approximately $150,000.00.  Debtor bases this estimate on prior bids submitted by contractors.

**2.    Financing to Cover Debtor's Monthly Expenses**

Debtor also needs post-petition financing in order to pay property insurance premiums for both properties and United States Trustee quarterly fees.  Debtor's current monthly income is $812.50 from social security benefits, which isn't enough to cover these expenses.  Debtor intends on using a portion of the post-petition financing to pay these expenses.  The estimated costs of repairs to the Venice Property is approximately $150,000.00; however, this estimate includes $25,000.00 in reserves some of which Debtor will use to cover associated property expenses and United States Trustee fees as necessary.

**D.    Proposed Financing**

Tricia Heath (the "Lender") has agreed to loan Debtor $150,000.00 at seven and half (7.5) percent interest due in full and payable in one year.  The $150,000.00 covers all expenses associated with repairs as well as property insurance and United States Trustee fees until the properties are leased.

In exchange for the $150,000.00, Debtor has agreed to give Lender a promissory note secured by a deed of trust on Debtor's Venice Property (the "Loan").  The Loan would take a fourth-place priority position behind the first deed of trust, second deed of trust and cross-collateralized third deed of trust.  A true and correct copy of the Secured Promissory Note is attached herein as Exhibit "1".  The Loan will be due to Lender on October 15, 2017.  However, Debtor anticipates paying off the Loan in full prior to this date once she enters into a joint venture with the Lender or in the alternative the Venice Property is listed and sold.

Upon completion of rehabilitation to the ground floor of the Venice Property and issuance of a certificate of occupancy by the City of Venice ("Phase One"), Lender has agreed to consider entering into a joint venture with Debtor.  Should the Court approve the joint venture agreement between Debtor and Lender, the joint venture (Phase Two) shall consist of the following.  Lender would (1) pay the arrears for both properties' first and second deeds of and bring all loans current; (2) pay off the cross-collateralized third deed of trust in full; and (3) facilitate further development of the Venice Property.

## III.   LEGAL ARGUMENT

Bankruptcy Code Section 364(c)(3) provides:

> If the Trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt - … (3) secured by a junior lien on property of the estate that is subject to a lien.

After a showing that unsecured financing is unavailable, courts generally look to ensure the terms of the post-petition financing agreement are fair and reasonable, and that the agreement benefits the estate. *See e.g., In re Crouse Group, Inc.,* 71 B.R. 544 (Bankr. E.D. Pa 1987).  The Ninth Circuit has interpreted this to mean that the terms are fair, reasonable and adequate, after having been negotiated at arm's length and in good faith pursuant to sound business judgment; also, that the financing is in the interest of the estate, with "the credit transaction is necessary to preserve the assets of the estate, and is necessary, essential, and appropriate for the continued operation of the Debtor's business." *In re Sterling Mining Co.*, 2009 BL 171156 (Bankr. D. Idaho 2009).

Courts are often deferential to the exercise of debtor's business judgment as well.  *See In re Ames Department Stores*, 115 B.R. 34, 40 (S.D.N.Y. 1990) ("cases consistently reflect that the court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its prupose is not so much to benefit the estate as it is to benefit a party-in-interest").  Courts will evaluate the facts and circumstances of a debtor's case and will accord significant weight to the necessity for obtaining financing so long as it does not run afoul of the provisions and policies underlying the Bankruptcy Code.  *See, e.g. Bray*

*v. Shenadoah Fed. Sav. & Loan Ass'n.* (*In re Snow Shoe Co.*), 789 F.2d 1085, 1088

(4th Cir. 1986) (approving debtor-in-possession financing necessary to sustain seasonal

business); *Ames*, 115 B.R. at 40.

## A.      Debtor's Need for Post-Petition Secured Financing

A common test for evaluating requests under Bankruptcy Code 364(c) is: (1) the

debtor cannot obtain unsecured administrative credit; (2) the credit is necessary to

preserve the assets of the estate; and (3) the terms of the credit are fair and

reasonable.  *In re Crouse Group, Inc.* 71 B.R. 544 Bankr. E.D. Pa. 1987).

### 1.      Debtor Unable to Obtain Unsecured Financing

In the case at hand, Debtor has attempted to obtain unsecured financing to cover

the cost of repairs, but has been unsuccessful.  Debtor has approached multiple sources

for funds to complete the repairs with no luck.  Additionally, industry practice dictates that

finance companies which loan funds to complete repairs and renovations to real

properties typically do so on a secured basis.

Having determined that a secured debt was the only option to finance the repairs

to the Venice Property, Debtor engaged in arms-length negotiations in good faith and

pursuant to Debtor's business judgment resulting in Secured Promissory Note.  Hence,

Debtor satisfies the first requirement to obtain financing under section 364(c) because

Debtor cannot obtain unsecured administrative credit.

### 2.      Financing is Necessary to Preserve the Assets of the Estate

Likewise, Debtor satisfies the second requirement listed above because Debtor

needs the Loan to make repairs to the Venice Property and to keep both properties

insured.  Debtor plans to make repairs to the Venice Property and complete construction

to the ground floors and associated top floors repairs thereby adding increased market

value to the Venice Property through the repairs.   Additionally, the Loan is required in

order to keep both Debtor's property insured, in the interim until Debtor's Manhattan

Property is leased, thereby preserving both properties, which both have equity.  Without

the Loan, Debtor is unable to keep both properties insured and the properties are at risk

of diminishing in value through a fire or some other unforeseen circumstance.

       3.      **Terms of the Loan are Fair and Reasonable**

      In regards to the third requirement, Debtor believes that the terms of the Loan are

fair and reasonable, and this post-petition financing is to the benefit of the estate and all

creditors.  This benefit stems from the necessary nature of the repairs and getting the

ground floor completed for certificate of occupancy and meeting parking requirement for

lease as well as maintaining insurance coverage of both properties in the interim while

Debtor secures tenants for lease.

      Additionally, the Loan will also enable Debtor to add substantial market value to

the Venice Property in a short period of time also to the benefit of the estate's creditors.

The interest rate of seven and half (7.5) percent is also fair and reasonable compared to

industry standards and what a financial institution would likely charge Debtor given her

bankruptcy status.

**B.**    **Statements Regarding Loan Documents**

      Pursuant to Local Bankruptcy Rule 4001-2(b) the Debtor submits that the relief

requested by Debtor pertaining to the Debtor's Loan contains the following provisions:

| Provision | Paragraph |
|---|---|
| Cross-Collateralization clauses | No |
| Provisions or findings of fact that binds the estate or all parties in interest with respect to the validity, perfection, or amount of the secured creditor's prepetition lien or debt of the waiver of claims against the secured creditor | No |
| Waivers of 11 U.S.C. § 560(c), unless waiver is effective only during the period in which the debtor is authorized to use cash collateral or borrow funds | No |
| Grants to the pre-petition secured creditor liens on the debtor's claims and causes of action arising under 11 U.S.C. §§ 544, 545, 547, 548, or 549 | No |
| Deems pre-petition secured debt to be post-petition debt or that use post-petition loans from a pre-petition secured creditor to pay part of all of that secured creditor's prepetition debt, other than as provided in 11 U.S.C. § 552(b) | No |
| Provides disparate treatment for the professionals retained by a creditors' committee from that provided for the professionals retained by the debtor with respect to a professional carve out | No |
| Provisions that prime any secured lien | No |
| Automatic relief from stay upon default, conversion to chapter 7, or appointment of a trustee | No |
| Waivers of procedural requirements, including those for foreclosure mandated under applicable non-bankruptcy law, and for perfection of replacement liens | No |
| Waivers, effective on default or expiration, of the debtor's right to move for a court order pursuant to 11 U.S.C. § 363(c)(2)(B) authorizing the use of cash collateral in the absence of the secured party's consent | No |

| Provisions providing for the paying down of prepetition principal owed to a creditor | No |
|---|---|

Accordingly, the Debtor requests that the Loan be approved.

### IV.    CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order (1) authorizing the Debtor to pursue post-petition financing with a secured debt on Debtor's Venice Property, in order to make repairs to the Venice Property and to maintain Debtor's monthly expenses including property insurance coverage; and (2) granting such other and further relief as the Court deems just and proper.

Dated:  October 14, 2016                              Respectfully submitted,

                                                                **A.O.E. LAW & Associates**

                                                                **/s/ Crystle J. Lindsey**
                                                                Crystle J. Lindsey (SBN 281944)
                                                                Attorneys for Debtor-in-possession
                                                                *Tania Ellisia Batache*

## DECLARATION OF TANIA ELLISIA BATACHE

I, Tania Ellisia Batache, declare as follows:

1.      I am the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case.  Unless otherwise stated, I have personal knowledge of the matters set forth below and, if called to testify, I would and could competently testify thereto.

2.      I make this declaration in support of Debtor's Notice of Motion and Motion for Post-Petition Financing Pursuant to 11 U.S.C. § 364 ("Motion for Post-Petition Financing").

3.      I am legally disabled and my only source of income at this time is my disability payments from the Social Security Administration in the amount of $812.00 per month.

4.       I own two real properties located at (1) 520 Manhattan Beach Blvd., Manhattan Beach, CA 90266 ("Manhattan Beach Property"); and (2) 41 Clubhouse Dr., Venice Beach, CA 90291("Venice Property").   My Manhattan Beach Property is a duplex and has a fair market value of approximately $3,100,000.00.  The Venice Property has a fair market value of approximately $3,500,000.00.

5.      My Venice Property requires completion of repairs and renovations to the ground floor including finishing the garage for parking compliance for lease, which will add to its fair market value.

6.      I believe that after completion of the Venice Property's repairs, which includes completion of the ground floor, repairs of the associated floors and finishing of the exterior, the Venice Property will have a fair market value of approximately $4,200,000.00 and upwards of $4,500,000.00.  At a current fair market value of

$3,500,000.00, the repairs to the Venice Property will add at least $500,000.00 to $800,000.00 of net value to the property in a short period of time.

7.      I do not have the funds to complete the repairs to my Venice Property and need post-petition financing in order to complete the construction, make the repairs and pay associated property insurance costs. Completing the repairs will place me in a position to enter a Joint Venture where I will cure the arrears for the first and second deeds of trust for both properties and pay off the cross-collateralized third deed of trust.

8.      I estimate repairs to the Venice Property to cost approximately $150,000.00.  I base this estimate on prior bids submitted by contractors in the past that I spoke and conferred with regarding the property.

9.      I have attempted to obtain unsecured financing to cover the cost of repairs to my Venice Property, but have been unsuccessful.

10.      Having determined that a secured debt was my only option to finance the repairs to my Venice Property and to pay monthly expenses, I engaged in arms-length negotiations, in good faith and pursuant to my business judgment, resulting in the agreement with Tricia Heath ("Lender").  I believe the terms of the agreement with Lender are fair and reasonable, and this post-petition financing is to the benefit of the estate and all creditors.

11.      The Lender has agreed to loan me $150,000.00 at seven and half (7.5) percent interest due in full in one year.  The $150,000.00 covers all expenses associated with repairs as well as property insurance and United States Trustee fees until my properties are lease.  In exchange for the $150,000.00, I have agreed to give Lender a promissory note secured by a deed of trust on my Venice Property (the

"Loan").  The Loan would take a fourth-place priority position behind the first deed of trust, second deed of trust and cross-collateralized third deed of trust.  A true and correct copy of the Secured Promissory Note is attached herein as Exhibit "1".

12.    The Loan will be due in full to Lender on October 15, 2017.  However, I anticipate paying off the Loan in full prior to this date once I enter into a Joint Venture or in the alternative the sale of my Venice Property.

13.    Upon completion of rehabilitation to the ground floor of the Venice Property and issuance of a certificate of occupancy by the City of Venice (Phase One), Lender has agreed to consider entering into a joint venture with me.  Should the Court approve the joint venture agreement between Lender and myself, the joint venture (Phase Two) would consist of the following:  Lender would (1) pay the arrears for my Venice Property and Mahhattan Beach Property and bring both loans current; (2) pay off the cross-collateralized third deed of trust in full; (3) pay off all crditors; and (4) facilitate further development of the Venice Property.

14.    I believe that the terms of the Loan are fair and reasonable.  The interest rate of the Loan is seven and half (7.5) percent, which I believe to be fair and reasonable when compared to industry standards and what a financial institution would likely charge me given my bankruptcy status.  Given my bankruptcy status, I am unable to obtain a loan with a financial institution.

15.    The post-petition financing would also be to the benefit of the bankruptcy estate and its creditors.  This benefit stems from the necessary nature of the repairs and getting the ground floor completed for certificate of occupancy and meeting parking requirement for lease as well as maintaining insurance coverage of my properties in the

interim while I secure tenants for lease on both properties.  Additionally, the Loan will also enable me to add substantial market value to the Venice Property also to the benefit of the estate's creditors.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed this <u>14th</u> day of October, 2016, at Venice, California.

TANIA ELLISIA BATACHE
Debtor and Debtor-in-possession

# EXHIBIT "1"

# EXHIBIT "1"

# *SECURED PROMISSORY NOTE*

$150,000.00   Date: October 1, 2016

For value received, the undersigned Tania Batache (the "Borrower"), at 41 Clubhouse Ave, Venice, California 90291, promises to pay to the order of Tricia L. Heath (the "Lender"), at 3629 Pine Ave, Long Beach, California 90807 (or at such other place as the Lender may designate in writing), the sum of $150,000.00 with interest on the unpaid principal at the rate of 7.50% per annum at the end of the term.  The interest starts to accrue on the day of funding.

## I. TERMS OF REPAYMENT

### A. Payments

The unpaid principal and accrued interest shall be payable in full on October 15, 2017 (the "Due Date").

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

### C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. CONSIDERATION OF FURTHER INVESTMENT

Upon completion of rehabilitation to the ground floor of the real property commonly known as 41 Clubhouse Ave, Venice CA 90291 and issuance of a Certificate of Occupancy, the Lender will consider entering into a joint venture with the Borrower to bring loans current and facilitate further development of the real property.

## III. SECURITY

This Note shall be secured by a Deed of Trust to real property commonly known as 41 Clubhouse Ave, Venice, California 90291. The Lender is not required to rely on the above security instrument and the assets secured therein for the payment of this Note in the case of default, but may proceed directly against the Borrower.

## IV. PREPAYMENT

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty. Any such prepayment shall be applied against the installments of principal due under this note in the inverse order of their maturity and shall be accompanied by payment of accrued interest on the amount prepaid to the date of prepayment.

## V. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## VI. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

1) the failure of the Borrower to pay the principal and any accrued interest when due;

2) the liquidation, incompetency or death of the Borrower;

3) the making of a general assignment for the benefit of the Borrower's creditors, excluding the introduction of a joint venture partner;

4) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

5) the sale of a material portion of the business or assets of the Borrower, excluding the introduction of a joint venture partner.

In addition, the Borrower shall be in default if there is a sale, transfer, assignment, or any other disposition of any real estate pledged as collateral for the payment of this Note.

## VII. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VIII. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default, shall be construed

as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

## IX. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of California.

## X. SIGNATURES

This Note shall be signed by Tania Batache and Tricia L. Heath.

**[SIGNATURE PAGE FOLLOWS]**

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this <u>1st</u> day of <u>October,</u> <u>2016</u>, at <u>Venice, CA_90291</u>.

Borrower:
Tania Batache

By: _____
Tania Batache

Lender:
Tricia L Heath

By: _____
Tricia L Heath

**DO NOT DESTROY THIS NOTE**

WHEN PAID this original Note together with the [/TF:] securing the same, must be surrendered to the Borrower for cancellation and retention before any reconveyance can be processed.

| In re:<br><br>**Tania Elissia Batache**<br><br>Debtor(s). | CHAPTER: **11**<br><br>CASE NUMBER: **2:16-bk-21078** |
| --- | --- |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.   My business address is:

**The World Trade Center
350 S. Figueroa Street, Suite 189
Los Angeles, CA 90071**

A true and correct copy of the foregoing document entitled (*specify*):   **DEBTOR'S MOTION FOR ORDER AUTHORIZING POST-PETITION FINANCING, DECLARATION OF DEBTOR IN SUPPORT THEREOF, AND SUPPORTING EXHIBIT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On   **10/14/2016**   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Matthew R. Clark on behalf of Creditor The Bank of New York Mellon Trust Company:   mclark@rasflaw.com, ras@ecf.courtdrive.com;bkyecf@rasflaw.com**

**Anthony Obehi Egbase on behalf of Debtor Tania Elissia Batache:   info@aoelaw.com,   sandy@ecf.inforuptcy.com**

**Tony Forberg on behalf of 3rd Pty Defendant Tony Forberg:   tonyforberg@mac.com,   inbox@forberglaw.com**

**Merdaud Jafarnia on behalf of Creditor JPMorgan Chase Bank, N.A., successor in interest by purchase from the Federal Deposit Insurance Corporation as receiver for Washington Mutual Bank:   bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com**

**Crystle J Lindsey on behalf of Debtor Tania Elissia Batache:   crystle@anthonyegbaselaw.com**

**Erin M McCartney on behalf of Creditor THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2004-14, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004:   bankruptcy@zbslaw.com,   emccartney@ecf.courtdrive.com**

**Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA):   kelly.l.morrison@usdoj.gov**

**R G Pagter, Jr. on behalf of Creditor Kaveh Engineering & Construction, Inc.:   gibson@ppilawyers.com, ecf@ppilawyers.com**

**R G Pagter, Jr. on behalf of Interested Party INTERESTED PARTY:   gibson@ppilawyers.com, ecf@ppilawyers.com**

**United States Trustee (LA):   ustpregion16.la.ecf@usdoj.gov**

**Alan I White on behalf of Interested Party INTERESTED PARTY:   aiwhitelaw@gmail.com**

☐ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On   **10/14/2016**   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**See attached mailing list.**

☐ Service information continued on attached page

---

This form is mandatory.   It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June   2012*

**9013-3.1.PROOF.SERVICE**

| In re:<br><br>**Tania Elissia Batache**<br><br>Debtor(s). | CHAPTER **11**<br><br>CASE NUMBER **2:16-bk-21078** |
|---|---|

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___**10/14/2016**___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.    Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy via Personal Delivery**
**The Chambers of the Honorable Vincent P. Zurzolo**
**255 E. Temple Street, Suite 1360**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/14/2016 | Sandy Segovia | /s/ Sandy Segovia |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.    It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Label Matrix for local noticing
0973-2
Case 2:16-bk-21078-VZ
Central District of California
Los Angeles
Fri Oct 14 17:58:51 PDT 2016

Z.O.E. Law & Associates
350 S Figueroa St Ste 189
Los Angeles, CA 90071-1117

JPMorgan Chase Bank, N.A., successor in inte
c/o McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101-2607

Kaveh Engineering & Construction, Inc.
c/o R. Gibson Pagter, Jr.
PAGTER AND PERRY ISAACSON
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA 92701-5017

THE BANK OF NEW YORK MELLON FKA THE BANK OF
c/o Zieve Brodnax & Steele, LLP
30 Corporate Park Suite 450
Irvine, CA 92606-3401

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

American Express Bank FSB
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Amex
PO Box 981535
El Paso, TX 79998-1535

Bank Of America
Nc4-105-03-14
Po Box 26012
Greensboro, NC 27420-6012

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Chase
PO Box 6026
Mailcode IL1-0054
Chicago, IL 60680-6026

Chase Bank
PO Box 78035
Phoenix, AZ 85062-8035

Chase Card Services
Attn: Correspondence Dept
Po Box 15298
Wilmington, DE 19850-5298

Chase Inc.
PO Box 15298
Wilmington, DE 19850-5298

Citi Com Lending Grp/a
Po Box 769004
San Antonio, TX 78245-9004

Citibank/Best Buy
Po Box 790040
St Louis, MO 63179-0040

City of Manhattan Beach
PO Box 3040
Manhattan Beach, CA 90266-1040

Costco/Citi
PO Box 790046
Saint Louis, MO 63179-0046

Dept Of Ed/Nelnet
Attn: Claims
Po Box 82505
Lincoln, NE 68501-2505

Discover Bank
Discover Products Inc
POB 3025
New Albany OH 43054-3025

Discover Financial
Po Box 3025
New Albany, OH 43054-3025

Internal Revenue Service
300 North Los Angeles Street, MS 5022
Los Angeles, CA 90012-3478

Juniper Biz
PO Box 84030
Columbus, GA 31908-4030

Kabbage Inc.
925B Peachtree Street NE
Suite 1688
Atlanta, GA 30309-3918

LA Department of Water & Power
P.O. Box 90808
Los Angeles, CA 90030

Ocwen Loan Servicing
PO Box 24738
West Palm Beach, FL 33416-4738

Roque Santi & Malfada Fontana
c/o Specialized Default Services
17100 Gillette Ave.
Irvine, CA 92614-5603

SOUTHERN CALIFORNIA EDISION COMPANY
1551 W. SAN BERNARDINO RD
COVINA, CA 91722-3407

Shellpoint Mortgage
PO Box 740039
Cincinnati, OH 45274-0039

SoCal Gas
P.O. Box 3150
San Dimas, CA 91773-7150

Southern California Edison
P.O. Box 800
Rosemead, CA 91770-0800

Specialized Loan Servicing LLC
P.O Box 105219
Atlanta, GA 30348-5219

THE BANK OF NEW YORK MELLON FKA THE BANK OF
c/o Shellpoint Mortgage Servicing
PO Box 10826
Greenville, SC 29603-0826


Tnb-Visa  (TV) / Target
C/O Financial & Retail Services
Mailstop BV   PO Box 9475
Minneapolis, MN 55440-9475

U.S. Department of Education
C/O Nelnet
121 South 13th Street, Suite 201
Lincoln, NE 68508-1911

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560


Anthony Obehi Egbase
Law Offices of Anthony O Egbase & Assoc
350 S Figueroa St Ste 189
Los Angeles, CA 90071-1117

Crystle J Lindsey
AOE Law & Associates
350 S Figueroa St Ste 189
Los Angeles, CA 90071-1117

Tania Elissia Batache
41 Clubhouse Ave.
Venice, CA 90291-3202


Tony Forberg
16501 Ventura Blvd
Suite 400
Encino, CA 91436-2067


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Bank of America
PO Box 982238
El Paso, TX 79998


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)INTERESTED PARTY

(u)The Bank of New York Mellon Trust Company

(u)Oscar Bustamante
Unknown


End of Label Matrix
Mailable recipients    39
Bypassed recipients     3
Total                  42