Michael Avanesian (Bar. No. 278685)
**JT LEGAL GROUP, APC**
801 N. Brand Blvd., Suite #1130
Glendale, California 91203
Tel: 818.276.2477 | Fax: 818.208.4550
michael@jtlegalgroup.com

Counsel for
Tania Elissia Batache

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

**TANIA ELISSIA BATACHE,**

Debtor and Debtor-in-Possession.

Case No.: **2:16-bk-21078-VZ**

Chapter 11

**DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY FILED BY CREDITORS ROQUE SANTI AND MALFADA FONTANA**

Hearing Date and Time

Date: June 20, 2017
Time: 10:00 a.m.
Place: Courtroom 1368
Roybal Federal Building
255 E. Temple Street
Los Angeles, CA 90012

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST:**

Tania Elissia Batache, the debtor and debtor-in-possession herein ("Debtor"), opposes the Motion for Relief from Stay filed by Creditors Roque Santi and Malfada Fontana ("Creditor") based on the following grounds:

1. Service is improper;
2. Insurance on the property is current;
3. There is a sufficient equity cushion protecting Creditor's lien;

4. The property is not declining in value; and

5. The property is necessary for an effective reorganization.

**A. Service is Improper**

Local Bankruptcy Rule ("LBR") 4001-1 governs motions for relief from stay. In particular, LBR 4001-1(c)(1)(C) requires that the Movant must serve: the Debtor, Debtor's attorney, the holder of liens, and those entitled to notice under Federal Rules of Bankruptcy Procedure ("FRB") 4001. FRBP 4001 requires service to the top 20 unsecured creditors. The proof of service shows that only NEF noticed parties were noticed with the Motion. Consequently, the Motion should be denied; alternatively, the hearing on the Motion should be continued to allow for proper service.

**B. Insurance on the Property is Current**

Under the guidelines promulgated by the Office of the United States Trustee, Debtor is required to have general liability insurance. A true and correct copy of Debtor's insurance policy is attached hereto as Exhibit A. There is one million dollars in coverage for liability alone. Creditor's claim is baseless.

**C. There is Sufficient Equity Cushion**

According to the Declarations of Joe McKnight attached as Exhibit 4 to the Motion and attached as Creditor's opposition to Debtor's motion to borrow money [Docket No. 51], Debtor's real properties were worth $2.4[1] million for the Manhattan Property and $3 million for the Venice Property (which is the subject of this motion) on or around November 1, 2016 and the Venice Property is now worth only 2.2 million (a decline of $800,000 in about 7 months). It is also undisputed that Creditor has liens on both properties. Consequently, the total equity protecting Creditor's lien may be computed as follows (all values are scheduled values rounded up):

Chase Bank $503,000

---

[1] The declaration states that the property was listed for $2.7 million which is over the market by $200,000 to $300,000 (simple math shows the value of the property, even at the self-serving prices would be $2.4 million to $2.5 million); but the broker then concludes that the property is therefore worth $2.2 to $2.4 million.



| | |
|---|---|
| Ocwen | $970,000 |
| Shellpoint | $812,000 |
| SLS | $655,000 |

These claims total $2.94 million. Creditor claims it is owed $960,000. Consequently, the equity cushion can be calculated as a minimum of:

$2.4 million + $2.2 million = $4.6 million; consequently, the equity cushion is $700,000 or 73%.

Of course, Debtor disputes these self-serving valuations, but even with Creditor's numbers, there is plenty of equity. Consequently, the Motion should be denied.

**D. The Property is not Declining in Value**

The photographs attached to the Motion are indiscernible; at least those submitted electronically. As a result, Debtor's counsel cannot understand how Creditor's broker can clearly make many determinations such as the condition of the property. However, Debtor is attaching pictures of the inside of the second floor of the property which paints a different picture of the internals of the property; it is not rat infested as Creditor would suggest. Of course, the first floor is not in such a pristine condition.

Debtor believes for a creditor to prove a decline in value, logically, there must be evidence in support of particular showings; for example: (1) evidence that proves the value of the property in the past and (2) evidence that proves the value of the property in the present. The difference can be used to compute monthly or daily decline in value. Alternatively, a creditor may demonstrate that market conditions have caused prices to fall; this property is in Venice, CA almost right on the beach and the market is fire hot generally in California. Finally, a creditor can show a decline in value by demonstrating stagnant market conditions, and deterioration in the property. Any showing regarding deterioration requires an expert. One cannot simply say since it rained, the property has declined by $800,000. Consequently, the Court should find that there is insufficient evidence to conclude whether the property is declining in value.

///



**E. The Property is Necessary for an Effective Reorganization**

Significant equity will be lost if this property is sold at a foreclosure sale as opposed to a marketed sale. The contemplated "plan" in this case is the marketed sale of the real properties; consequently, this property is necessary for a reorganization. On one hand, Creditor seems to be arguing that it is not fair to make it wait to be paid. On the other hand, there is so much equity in the properties that it would be wholly unfair to allow them to be foreclosed upon; especially when creditor's claim is incurring interest at a rate of 14% per annum. In addition, Creditor is entitled to 2-5% of the sale price of the property. Consequently, it is not unfair to make creditor wait.

Respectfully submitted.

**JT LEGAL GROUP, APC**

Dated: June 6, 2017

By: /s/ Michael Avanesian
Michael Avanesian, counsel for Debtor



# Exhibit A



801 north brand blvd., suite #1130
glendale, california 91203

ACORD®

# EVIDENCE OF PROPERTY INSURANCE

DATE (MM/DD/YYYY): 08/24/2016

**THIS EVIDENCE OF PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.**

AGENCY — PHONE (A/C, No, Ext): 949-566-8760
Insuranceonline.com
660 Newport Center Drive, Suite 340
Newport Beach, CA 92660

FAX (A/C, No): 949-706-0710 | E-MAIL ADDRESS: laura.matsuno@insuranceonline.com
CODE: 04C829 | SUB CODE:
AGENCY CUSTOMER ID #: 00057111

COMPANY
Mercury Casualty Company
P.O. Box 5700
Rancho Cucamonga, CA 91729

INSURED
TANIA BATACHE

41 Clubhouse Ave
Venice, CA 90291-3202

LOAN NUMBER:
POLICY NUMBER: CAHP0000531590

EFFECTIVE DATE: 08/03/2016 | EXPIRATION DATE: 08/03/2017 | ☐ CONTINUED UNTIL TERMINATED IF CHECKED

THIS REPLACES PRIOR EVIDENCE DATED:

## PROPERTY INFORMATION

LOCATION/DESCRIPTION
Dwelling located at
41 Clubhouse Ave
Venice, CA 90291

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

## COVERAGE INFORMATION

PERILS INSURED ☐ BASIC ☐ BROAD ☐ SPECIAL ☐

| COVERAGE / PERILS / FORMS | AMOUNT OF INSURANCE | DEDUCTIBLE |
|---|---|---|
| Dwelling | 705,000 | 2,500 |
| Dwelling Replacement | Yes | Theft - 2,500 |
| Other Structures | 141,000 | |
| Liability | 1,000,000 | |
| Additional Residence Rented To Others 1 | 1 | |
| Workers Compensation- Part Time Outserv | 100T/500T | |
| Business Property Additional Limits | 5,000/1,500 | |
| Credit Card Forgery & Counterfeit Money | 1,000 | |
| CIFEE | | |
| Loss Assessment Property | 2,000 | |

## REMARKS (Including Special Conditions)

## CANCELLATION

**SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.**

## ADDITIONAL INTEREST

NAME AND ADDRESS
Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

☐ ADDITIONAL INSURED ☐ LENDER'S LOSS PAYABLE ☐ LOSS PAYEE
☐ MORTGAGEE X Additional Interest

LOAN #

AUTHORIZED REPRESENTATIVE
Insuranceonline.com

ACORD 27 (2016/03)

© 1993-2015 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

Printed by LEM on August 24, 2016 at 03:56PM

# Exhibit B



801 north brand blvd., suite #1130
glendale, california 91203







Case 2:16-bk-21078-VZ    Doc 130    Filed 06/06/17    Entered 06/06/17 22:22:44    Desc
Main Document    Page 11 of 15</hr>









# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **801 N. Brand Blvd., Suite # 1130, Glendale, California 91203**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY FILED BY CREDITORS ROQUE SANTI AND MALFADA FONTANA** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **6/6/17**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Michael Avanesian** nef@jtlegalgroup.com, michael@ecf.inforuptcy.com
- **Matthew R. Clark** bkyecf@rasflaw.com, ras@ecf.courtdrive.com;mclark@rasflaw.com
- **Tony Forberg** tonyforberg@mac.com, inbox@forberglaw.com
- **Merdaud Jafarnia** bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- **Crystle J Lindsey** crystle@anthonyegbaselaw.com
- **Erin M McCartney** bankruptcy@zbslaw.com, emccartney@ecf.courtdrive.com
- **Kelly L Morrison** kelly.l.morrison@usdoj.gov
- **R Gibson Pagter** gibson@ppilawyers.com, ecf@ppilawyers.com;r51779@notify.bestcase.com
- **David Samuel Shevitz** david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
- **Alan I White** aiwhitelaw@gmail.com
- **W. Sloan Youkstetter** lawofficeofwilliamsyoukstetter@gmail.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **6/6/17**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE**
Hon. Vincent P. Zurzolo 255 E. Temple Street, Suite 1360, Los Angeles, CA 90012

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **6/6/17**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **June 6, 2017** | **Michael Avanesian** | **/s/ Michael Avanesian** |
|---|---|---|
| *Date* | *Name* | *Signature* |