Michael Avanesian (State Bar. No. 278685)
**JT LEGAL GROUP, APC**
801 North Brand Blvd., Suite #1130
Glendale, California 91203
Tel: 818.276.2477 │ Fax: 818.208.4550
michael@jtlegalgroup.com

Counsel for Debtor

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

In re:

TANIA BATACHE

        Debtor.

Case No.: **2:16-bk-21078-VZ**

Chapter 11

**JT LEGAL GROUP, APC'S MOTION FOR ORDER AUTHORIZING WITHDRAWAL AS COUNSEL OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL AVANESIAN**

Judge: Vincent P. Zurzolo
[No Hearing Required]

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE AND THE UNITED STATES TRUSTEE:**

JT Legal Group, APC requests that the Court authorize it to withdraw as the Debtor's counsel. In support of its request, the Firm represents as follows:

///
///
///
///
///
///

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS AND SUMMARY OF ARGUMENT

Tania Batache is the debtor and debtor-in-possession ("Debtor") in the above-captioned Chapter 11 bankruptcy case ("Case"). On August 08, 2016 ("Petition Date"), the Debtor commenced the Case by filing a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq. by Debtor's previous counsel. On November 7, 2016, the Avanesian Law Firm ("Avanesian") substituted into the case because of a dispute between the Debtor and her prior counsel. On January 1, 2017, Avanesian Law Firm's principal joined JT Legal Group, APC (collectively firms, collectively, the "Firm") and the principal continues to represent the Debtor. Pursuant to Professional Conduct, Rule 3-700, the Firm seeks leave to withdraw as counsel of record. There are irreconcilable conflicts which have arisen between Debtor and the Firm.

Debtor has previously been informed of the consequences of prosecuting its case without appropriate legal counsel.

## II.

## ARGUMENT

A.  Withdrawal is Appropriate

The withdrawal of counsel is governed by Rule 3-700 of the California Rules of Professional Responsibility ("CRPR").  Rule 3-700(C) sets forth the grounds on which professionals may withdraw.  Rule 3-700(C)(1) permits counsel to withdraw for various reasons, some of which are applicable to the facts of this case.  Again, not many specifics are provided so as not to prejudice the client's legal position.

B.  Debtor is Not Prejudiced

There is status conference scheduled for July 20, 2017 at 11:00AM and Debtor will not be prejudiced, because there is ample time for Debtor to retain new counsel and to respond to the status conference. Also, since this is an individual case, the Debtor may

1 represent herself.

2     If the Court requires further information as a condition of granting this motion,
3 Counsel is prepared to supplement this motion.

### III.

### CONCLUSION

Based on the foregoing it is appropriate that this motion be granted, and that the Avanesian Law Firm, JT Legal Group, APC and Michael Avanesian, be permitted to withdraw as general counsel from representing Debtor without prejudice to the Firm's right to be compensated for services previously performed or to be performed before the Firm is relieved as counsel.

Dated:  June 9, 2017                            JT LEGAL GROUP, APC

                                       By: /s/ Michael Avanesian
                                             Michael Avanesian
                                             Attorney for Debtor

## DECLARATION OF MICHAEL AVANESIAN

Michael Avanesian, hereby declare and state as follows:

1. I am an attorney at law licensed to practice in the State of California and before this Court. The facts set forth in this declaration are personally known to me to be true and correct and if called upon to do so, I could and would testify competently thereto.

2. I have joined JT Legal Group, APC (the "Firm") as a partner.

3. Debtor initially had retained Avanesian Law Firm ("Avanesian") which is my dba.

4. I represent Tania Batache ("Debtor") pursuant to the terms of a written retainer agreement entered into on November 7, 2016.

5. Rule 3-700(C)(1) permits me to withdraw for various reasons, some of which are applicable to the facts of this case. Again, not many specifics are provided so as not to prejudice the client's legal position.

6. The conflicts between Debtor and I are irreconcilable and have led to a break down in the professional relationship between the two parties.

7. No additional details are provided to minimize any possible impact this motion may have on the Debtor's case.

8. Debtor has been informed of the consequences of not having proper legal representation.

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This Declaration was signed by me on June 10, 2017 at Glendale, California.

                              /s/ Michael Avanesian
                              Michael Avanesian